Dear Mr. Woolridge:
You have requested an opinion of the Attorney General, in your capacity as legal advisor to the Louisiana Patient's Compensation Fund Oversight Board (Board) which, under the Louisiana Medical Malpractice Act (Act), is responsible and has authority for the management, administration, operation and defense of the Patient's Compensation Fund (Fund). The Board is further authorized to determine and report whether a health care provider has met the requirements enumerated in the Act to be deemed a qualified health care provider thereunder.
You first ask whether a Louisiana limited liability company (LLC), solely owned by a psychologist who is a qualified health care provider under the Act, is also eligible to be a qualified health care provider. If eligible, you next ask whether the LLC would be required to pay an additional surcharge (i.e., in addition to the surcharge paid by the owner/psychologist) before being deemed a qualified health care provider. You state that the purpose for the LLC is to produce self-help video tapes and a web site for psycho-educational purposes.
In answer to your question, we refer you to the definitional provisions of R.S. 40:1299.41(A)(1) and (9). They provide, in pertinent part, the following:
 "Health care provider" means, a person, partnership, limited liability partnership, limited liability company, corporation, facility, or institution licensed by this state to provide health care or professional services as a physician, hospital psychologist or any professional corporation a health care provider is authorized to form or any partnership, limited liability partnership, limited liability company, or corporation who's business is conducted principally by health care providers .
 * * *
 "Health care" means any act, or treatment performed of furnished, or which should have been performed or furnished, by any health care provider for, to or on behalf or a patient during the patient's medical care, treatment or confinement.
Based on the above provisions, the LLC would appear to be eligible as a qualified health care provider should the Board determine that it falls within one or more of the following:
 a limited liability company licensed by this State to provide health care or professional services as one of the entities enumerated in Section 1299.41(A)(1) (e.g., psychologist);
 a professional corporation that a health care provider is authorized to form under Title 12; and/or;
 a limited liability company who's business is conducted principally by health care providers.
However, it must also meet the requirements of R.S. 40:1299.42
which provides, in pertinent part, the following:
 To be qualified under the provisions of this Part, a health care provider shall:
 Cause to be filed with the board, proof of financial responsibility as provided by Subsection E of this Section.
 Pay the surcharge assessed by this Part on all health care providers according to R.S. 40:1299.44.
The proof of financial responsibility referred to above constitutes filing with the Board proof that the health care provider is insured by a policy of malpractice liability insurance in the amount of at least one hundred thousand dollars per claim, with qualification under this Section taking effect and following the same form as the policy of malpractice liability insurance of the health care provider.
If the LLC is able to furnish a certificate of insurance that complies with law and provides malpractice coverage for the LLC, it would appear that it meets the first requirement for qualification under Section 1299.42(A)(1). The sole question remaining is whether the LLC is required to pay an additional surcharge to satisfy the requirements of Section 1299.42(A)(2).
We believe that Section 1299.45(A)(2) is also relevant to this issue. It provides the following:
 (A) (2) When, and during the period that each shareholder, partner, member, agent, officer, or employee of a corporation, partnership, limited liability partnership, or limited liability company, who is eligible for qualification as a health care provider under this Part, and who is providing health care on behalf of such corporation, partnership, or limited liability company, is qualified as a health care provider under the provisions of R.S. 40:1299.42(A), such
corporation, partnership, limited liability partnership, or limited liability company shall, without the payment of an additional surcharge, be deemed concurrently, qualified and enrolled as a health care provider under this Part. (Emphasis added.)
Based on the facts presented in your request, as well as the statutory provisions discussed above and applicable thereto, we are of the opinion that, if the psychologist/owner is (1) eligible for qualification as a health care provider under the Act (2) providing health care on behalf of the LLC and (3) qualified as a health care provider under the provisions of Section 40:1299.42(A), then the LLC can be deemed concurrently qualified and enrolled as a health care provider without the payment of an additional surcharge.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj